UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLYDE NOLEN,

      Petitioner,

v.                                                    Case No. 11-cv-13964
                                                   Honorable Nancy G. Edmunds

UNITED STATES OF AMERICA,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE
AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**

**I. INTRODUCTION**

This is a habeas-corpus action brought by a Michigan state prisoner under 28 U.S.C. § 2254.  Petitioner Clyde Nolen is a state inmate currently incarcerated by the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility in Ionia, Michigan.  Pursuant to the MDOC's website, Nolen was convicted of armed robbery by a Genesee County Circuit Court jury in 1980 and sentenced to life in prison.  For the reasons stated, the Court will dismiss the petition without prejudice.

**II. DISCUSSION**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d

134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).

The allegations in Nolen's habeas petition are rambling and difficult to understand. The issues raised are not clearly set forth. Nolen appears to argue that he wants the armed-robbery conviction taken off his record because he was not allowed an appeal, but he does not state why he was not allowed an appeal, other than, "[t]hey had a grudge against me because a white girl bailed me out." Petition, 3. Nolen also attaches an "exhibit" to his petition, which appears to be an order regarding the appointment of appellate counsel, signed and dated August 23, 2011. The relevance of that exhibit is not explained. Additionally, Nolen has filed the following documents: Complaint [dkt. # 4]; Settlement Request [dkt. # 6]; Addendum [dkt. # 8], and a Letter [dkt. # 9], which also are rambling and difficult to understand.

Based upon Nolen's vague and confusing petition, the Court cannot determine the grounds upon which he seeks habeas-corpus relief. The petition, therefore, is subject to summary dismissal.

### III. CONCLUSION

Accordingly, Nolen's habeas petition [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Nolen's "Request for Appointment of Counsel" [dkt. # 5] is **DENIED** as moot.

**IT IS SO ORDERED**.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager